UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SIDNEY FIELDS | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:98cr52 |
| | ) | (1:05cv220) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

OPINION AND ORDER

This matter is before the court on a § 2255 motion filed by Sidney Fields ("Fields") on June 30, 2005.  The government responded to the motion on July 29, 2005, to which Fields replied on August 15, 2005.

For the following reasons, the motion will be denied.

Discussion

On September 23, 1998, a Federal Grand Jury returned a one count Indictment against Fields, alleging a violation of 21 U.S.C. § 846.  On December 15, 1998, Fileds entered his plea of guilty pursuant to a plea agreement.  On March 4, 1999 Fields was sentenced to 188 months imprisonment.   Fields did not file a Notice of Appeal.

In his current motion, Fields argues that his sentence was invalid.  Fields claims that his conviction was not supported by sufficient evidence, and that he should be resentenced in light of United States v.  Booker, 125 S.Ct.  738 (2005).

In opposition to the motion, the government first correctly asserts that Fields' motion is untimely.  The law is clear that the Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2255 to impose a one year statute of limitations on federal habeas corpus relief.  In the present case, Fields' conviction was final on March 4, 1999, and thus he had until

March 4, 2000 to file his motion under § 2255.  Fields filed his motion on June 30, 2005, more than 5 years too late.

Additionally, as the government points out, Fields waived any challenge to his original sentence.  In Paragraph 12c of his Plea Agreement Fields agreed that:

> [T]he Court has jurisdiciton and authority to impose any sentence within the statutory maximum set for his offense as set forth above in paragraph 7 of this Plea Agreement.  With that understanding, defendant expressly waives his right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742.  Defendant also agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.

Clearly, Fields specifically agreed to this court's jurisdiction and waived his right to challenge his sentence in a § 2255 petition.  See United States v. Williams, 184 F.3d 666, 686 (7th Cir. 1999); United States v. Standiford, 148 F.3d 864, 867 (7th Cir. 1998).

Finally, the law is clear that Booker does not apply to Fields' case.  The Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), does not apply retroactively to criminal cases, such as the present one, that became final before January 12, 2005.  See McReynolds v. United States. 397 F.3d 479 (7th Cir. 2005).

## Conclusion

Based on the foregoing, Fields' § 2255 motion is hereby DENIED.

Entered: August 18, 2005.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court